PROBATE COURT OF WESTERLY *vs.* WILLIAM J. POTTER
*et al.*

WASHINGTON—MAY 19, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Pleading.   Formal Defects.*

Where, to an action upon an executor's bond under Gen. Laws cap. 220, § 32, defendant filed thirty-eight pleas, to thirty-one of which, after seven had been stricken out, the plaintiff demurred, assigning from ten to seventeen reasons for each demurrer, the court, under Gen. Laws cap. 235, § 3, will disregard matters of form and consider any substantial defences embodied in the pleas.

(2)  *Probate Law.   Debt on Bond of Executor.   Pleading.*

In an action of debt upon an executor's bond, the declaration recited certain decrees of this court on appeal from the Probate Court, adjudicating that X., one of the parties whose name was endorsed on the writ in the present suit, was interested in the estate and entitled to have the executor return an inventory and an account.  To the case at bar defendant pleaded that X. was not now interested in the estate, without denial of the decrees set forth in the declaration:—

*Held,* that the decrees settled as between the parties that at the date thereof X. was interested in the estate, and that all pleas setting up a previous extinguishment of his interest, without denying the record of the decrees, tendered immaterial issues.

*Held,* further, that defendants, by filing a plea *puis darrein continuance,* wherein they set up a general release from X., executed February 25, 1903, waived all previous pleas as to his interest and admitted that, but for the matters set up therein, he was competent to promote the action.

*Held,* further, that, if X. were the only endorser of the writ, the plea would be good.

In a second plea defendant denied the interest of Y., the second endorser of the writ, and set up a general release dated February 16, 1894.  A third plea set up a decision of this court adjudging that Y., November 14, 1898, had no interest in the estate.  A sixth plea averred that defendant, before the commencement of this suit, fully paid to Y. the whole share to which he was entitled:—

*Held,* that either of these pleas would be a sufficient defence if the suit were brought for the benefit of Y. alone.

*Held,* further, that, had either the second, third, or sixth plea been joined with the matter of the plea *puis darrein,* it would have been a complete bar to the suit.

*Held,* further, that the pleas together submitted a substantial defence, and it was a defect of form merely, if at all, that the matter was not so joined.

Debt on bond of executor.   Heard on demurrers to pleas, and demurrers to second, third, and sixth pleas overruled.

(1)   Douglas, J.   The action is debt upon an executor's bond, brought under the provisions of section 32, chapter 220, of the General Laws.   The breaches assigned are: 1.   Neglect to file an inventory after being duly cited.   2.   Neglect to file an account after being duly cited.   It is brought for the benefit of Sarah J. Potter, Elbert S. Potter, and Grace E. Potter, whose names are endorsed on the writ.

The defendants filed thirty-eight pleas, of which seven have been stricken out in the Common Pleas Division; to the remaining ones the plaintiff demurs, assigning from ten to seventeen reasons for each demurrer.

We cannot accept the invitation to thread this maze of pleading.   It would be a task fit for the leisure hours of an arctic winter, or to relieve the monotony of life imprisonment without useful labor.   Life is short, and the members of the court are considerably advanced towards the end of the journey.   If we succeed in ascertaining whether there are any substantial defences embodied in these pleas, without much regard to the question whether such matter is in proper form or not, we think we shall be observing the spirit of the statute—Gen. Laws cap. 235, § 3, which reads as follows:

"No summons, writ, declaration, return, process, judgment, or other proceeding in civil causes in any court, shall be abated, arrested, quashed, or reversed, for any defect or want of form, but the court shall proceed and give judgment according as the right of the cause and matter in law shall appear unto it, without regarding any imperfections, defects, or want of form, in such writ, declaration, or other pleadings, return, process, judgment, or proceeding whatsoever."

The pleas are all in support of the claim that the parties whose names are endorsed upon the writ are not now interested in the estate; there is no denial that the defendants made the bond, or that the principal defendant was cited to file an inventory and an account, and there is no averment that the principal defendant complied with either require-

ment; neither is there any denial of the record of the decrees of this court set forth in the declaration.

Of the three persons whose names are endorsed upon the writ, Sarah J. Potter is dead and is not represented; Grace E. Potter was given a legacy of $1;500 by the will, and was not otherwise interested; and Elbert S. Potter is residuary legatee, together with the defendant. It is contended by the plaintiff's counsel that the decrees recited in the declaration settled as between these parties that, on November 28, 1899, when the later decree was entered, Grace E. Potter was interested in the estate, and that therefore all pleas setting up a previous extinguishment of her interest, without denying the record of these decrees, tender immaterial issues.

We think this position is well taken. The cases referred to were appeals taken by Grace E. Potter from decrees of the Probate Court, and the decrees are adjudications by this court that Grace E. Potter was interested in the estate and entitled to have the executor return an inventory and an account.

(2)    Such of the pleas in this case, therefore, as allege the non-interest of Grace E. Potter previous to November 28, 1899, must be stricken out. The defendants have still further nullified all challenge of Grace E. Potter's former interest by filing, February 27, 1903, a plea *puis darrein continuance*, wherein they set up a general release from Grace E. Potter of all claims against these defendants, including her claims under the will of William D. Potter, executed February 25, 1903.

The effect of this plea is to waive all previous pleas as to the interest of Grace E. Potter, and to admit that, but for the matters set up therein, she is competent to promote the action. 1 Chitty Pl. 690, *n (a'), (b) 2 do. 454.

If Grace E. Potter were the only endorser of the writ, this plea would undoubtedly be good. The plea presents a substantial defence available against one of the endorsers of the writ.

The second plea denies the interest of Elbert S. Potter in the suit, and sets up a general release from said Elbert S. Potter to the defendants dated February 16, 1894.

The third plea sets up a decision of this court adjudging that Elbert S. Potter, November 14, 1898, had no interest in the estate of William D. Potter, deceased.

The sixth plea avers that before the commencement of this suit the executor fully paid to Elbert S. Potter the whole share of the estate which said Elbert S. was entitled to.

Either of these pleas would be sufficient matter of defence if the suit were brought for the benefit of Elbert S. Potter alone.

If either the second, third, or sixth plea were joined with the matter of the plea *puis darrein*, it would be a complete bar to the further prosecution of this suit.

It is a defect in form only, if it be a defect in pleading at all, that this matter is not so joined. The privilege is sometimes given a pleader to set out his defence to different parts of the cause of action by different pleas, provided that the pleas taken together form a complete answer to the cause of action.

The rule is laid down in Gould's Pleading (4th ed.) cap. 6, part 2, §§ 102, 103, that "though the defence must in all cases answer the whole declaration or alleged cause of action, it is not necessary that the whole be answered by one plea. It is only necessary that the whole matter of defence pleaded cover the whole complaint. The defendant may, therefore, plead several different matters of defence in several different pleas to as many different parts of the declaration or alleged cause of action. And if all the pleas taken together form a sufficient answer to the whole matter of complaint, the defence is complete."

We think the rule may well apply here, where, instead of the cause of action being severable, the question of interest of two separate persons is involved. It makes little difference whether the defendant says, in one plea, A.'s interest in the estate and his capacity to carry on this suit have terminated, and in another plea, filed simultaneously, B.'s interest in the estate, etc., has terminated; or, in one plea, the interest of A. and the interest of B. have terminated. The two pleas together submit a substantial defence as well as the one plea combining the two averments does.

The plaintiff can take issue on either or both averments of failure of interest, and if either issue is found in his favor the right to maintain the action will be assured.

The demurrers to the second, third, and sixth pleas are therefore overruled, and the plaintiff is required to reply to these and to the plea *puis darrein continuance.*

The remaining pleas either tender immaterial isues or, in so far as they contain issuable matter, are repetitions of the defences already set up and must be stricken out.

*Albert B. Crafts,* for plaintiff.

*Thomas H. Peabody,* for defendants.